**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>v.            )<br>)<br>**LESTROY BRIGHT,** )<br>)<br>            **Defendant.** )<br>_____ ) | **Criminal Action No. 2000-0004** |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.**
St. Croix, U.S.V.I.
   *For the Government*

**Michael A. Rogers, Esq.**
St. Thomas, U.S.V.I.
   *For Defendant Lestroy Bright*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THE MATTER is presently before the Court on Defendant Lestroy Bright's "Motion for Compassionate Release" (Dkt. No. 383), in which Defendant requests that the Court modify his sentence of imprisonment and order his release from prison. *Id.* at 1-2. The Government filed an "Opposition to Defendant's Motion for Compassionate Release" (Dkt. No. 391). For the reasons discussed below, Defendant's Motion will be denied.

### I.   BACKGROUND

On December 22, 2000, Defendant Lestroy Bright ("Defendant" or "Bright") was convicted by a jury of three counts of robbery affecting interstate commerce, in violation of the Hobbs Act; three counts of use of a firearm during a crime of violence; and certain local offenses. The charges arose from a series of robberies committed by Defendant and his accomplices against businesses on St. Croix.

On December 19, 2001, Judge Raymond L. Finch sentenced Defendant to 675 months (56 years and three months) imprisonment for the Hobbs Act robbery and firearms convictions.[1] Defendant also was sentenced to three years supervised released. He began his federal sentence on March 20, 2002 and his projected release date is February 21, 2049. (Dkt. No. 383-2 at 10). He is currently imprisoned at Federal Correctional Center Florence ("FCC Florence") in Florence, Colorado.

On March 19, 2020, Defendant petitioned the Warden of FFC Florence for compassionate release pursuant to 18 U.S.C. § 3582. (Dkt. No. 838-2 at 3-4). The Warden denied the petition on May 12, 2020. The Warden notified Defendant that he could "appeal this denial through the Administrative Remedy Program." *Id.* at 5.

On May 20, 2020, Defendant filed the instant "Motion for Compassionate Release" pursuant to 18 U.S.C. § 3582. (Dkt. No. 383 at 1). He requests that the Court order: (1) a reduction in his sentence to time served and probation and/or supervised release; (2) a transfer of supervision to the Southern District of Texas; and (3) a direction to BOP to transfer Defendant to his sister's residence for home healthcare services due to his medical condition and the COVID-19 pandemic. *Id.* at 3. Although Defendant mentions "the continuing COVID-19 pandemic, which has killed and sickened scores of inmates across the Bureau of Prisons," *id.*, his main argument for release is his weakened medical condition due to "a series of ischemic and hemorrhagic strokes [that have] permanently disabled [him] as a result," *id.* at 1-2. He argues that the Court has jurisdiction to hear this Motion because he petitioned the Warden of FCC Florence for a compassionate release, the

---

[1] In 2002, the Third Circuit Court of Appeals affirmed Bright's convictions. *See United States v. Bright*, 54 F. App'x 765 (3d Cir. 2002).

Warden denied that petition, thirty days have lapsed since that request, and "[e]xtraordinary and compelling reasons justify the reduction" in his sentence. *Id.* at 2.

The Government opposes Defendant's motion, arguing that Bright has not met the "extraordinary and compelling reasons" criteria for compassionate relief at this time. (Dkt. No. 391 at 4). According to the Government, Bright does not meet the criteria for release due to suffering a stroke because the Warden and medical personnel do not believe his condition to be permanent and he is currently receiving appropriate medical treatment. *Id.* The Government also argues that Bright does not explain how the COVID-19 pandemic affects his medical condition personally. *Id.* at 4-6. The Government notes that FCC Florence has not had a single case of COVID-19 and Bright's condition "is not one of the conditions identified by the CDC as increasing a person's risk for developing serious illness from COVID-19." *Id.* at 7. Finally, the Government asserts that there is no evidence that, should Defendant be released, he has a lesser chance of contracting COVID-19 at his sister's home in Texas, where there are thousands of cases and conditions are worsening. *Id.*

## II.  DISCUSSION

Once a federally-imposed sentence commences, a district court has limited authority to modify that sentence. One such authority is found in the First Step Act, which allows the court to consider a defendant's motion for compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant bears the burden of establishing that he is entitled to a sentence reduction. *See United States v. Epstein*, No. CR 14-287 (FLW), 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020) ("[A] defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied 1) the procedural

prerequisites for judicial review, and 2) that compelling and extraordinary reasons exist to justify compassionate release.") (citing 18 U.S.C. § 3582(c)(1)(A)). The statute provides, in relevant part:

> (c) Modification of an imposed term of imprisonment.--The court may *not* modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf* or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering
> the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction….

18 U.S.C. § 3582(c) (emphasis added).

In addressing claims for compassionate relief, the court is not permitted to waive the exhaustion requirement. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Davila*, Crim. No. 13-252, 2020 WL 2839860, *2 (W.D. Pa. June 1, 2020) ("The exhaustion requirement that applies in this case is explicitly set forth in § 3582(c)(1)(A), and, therefore, cannot be excused."); *United States v. Pitt*, No. 1:97-cr-108, 2020 WL 2098272, *2 (M.D. Pa. May 1, 2020) ("The court cannot overlook [defendant's] failure to exhaust his remedies, as the Third Circuit recently emphasized the need for 'strict adherence' to the exhaustion requirement in the wake of the COVID-19 pandemic.") (citing *Raia*, 954 F.3d at 597). "[A] defendant must wait to file a motion with this Court until either his administrative request related to compassionate release is denied and he fully exhausts all administrative rights to appeal or thirty days have passed from the date he made the application *with no response from the warden*, whichever occurs first." *United States v. Early*, No. CR 19-92, 2020 WL 2572276, at *3 (W.D. Pa. May 21, 2020) (collecting

cases). Once the court has determined that the defendant has satisfied the exhaustion requirement, 18 U.S.C. § 3852(c) allows a court to reduce an inmate's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, *id.* at § 3852(c)(1)(a)(i); (2) the reduction would be "consistent with any applicable policy statements issued by the Sentencing Commission," *id.* at § 3852(c)(1), § 3852(c)(2); and (3) the applicable § 3553(a) sentencing factors warrant the reduction, *id.* at § 3852(c)(2).

First, the Court addresses whether Defendant has satisfied the exhaustion requirement as set forth in § 3582(c)(1)(A). *See Davila*, 2020 WL 2839860, *2; *Pitt*, 2020 WL 2098272, *2 (citing *Raia*, 954 F.3d at 597). Defendant's letter requesting compassionate release under 18 U.S.C. § 3582 is dated March 19, 2020 (Dkt. No. 383-2 at 3-4); the "Reduction in Sentence Medical Review" conducted by BOP regarding Defendant is dated April 10, 2020, *id.* at 1-2; and the Warden denied the petition on May 12, 2020, *id.* at 5. Because the Warden must have received Defendant's petition by the April 10th date of the Medical Review, the May 12th denial of the petition was more than 30 days after the Warden's receipt of Defendant's request for compassionate release. Thus, the Court concludes that the 30-day lapse satisfies the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). *See Early*, 2020 WL 2572276, at *3; *United States v. Gray*, 416 F. Supp. 3d 784, 788 (S.D. Ind. 2019) (full administrative exhaustion required when warden responds within 30-day statutory time limit; no further administrative exhaustion required where warden denies request for compassionate release more than 30 days after receipt).

The Court now turns to address whether there are "extraordinary and compelling" reasons to justify compassionate release for Defendant. Defendant has argued that he "suffered a series of ischemic and hemorrhagic strokes and is permanently disabled as a result." (Dkt. No. 383 at 1). Defendant contends that Defendant is unable to perform many daily tasks—such as feeding,

dressing, and grooming himself—without assistance. (Dkt. Nos. 383 at 2-3; 383-2 at 13-14). Defendant also argues that "the added risk to his life and health is unacceptably high given his medical condition and the continuing COVID-19 pandemic." (Dkt. No. 383 at 3).

The Government argues that Defendant has not identified "extraordinary and compelling reasons" for his release because his condition "does not meet [the] threshold [established by the Sentencing Commission's policy statement.]"(Dkt. No. 391 at 4). The Government contends that Defendant's condition resulting from the stroke is not permanent. *Id.* The Government further contends that because Defendant's condition is not one which "has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19" and FCC Florence has no cases of COVID-19, there is no extraordinary and compelling reason on which to grant compassionate release. *Id.* at 4-6.

The Court reviews whether Defendant has established that there are extraordinary and compelling reasons to grant compassionate release "consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(a)(A)(i).[2] Here, because Defendant argues that his medical condition due to a stroke and a global pandemic furnish "extraordinary and compelling reasons" to support his release, the applicable Sentencing Commission's policy statement is USSG § 1B1.13 Note 1(A)(ii), which assesses whether the "medical condition of the Defendant" qualifies as extraordinary and compelling reasons where the defendant is not suffering from a terminal illness. The Court must assess if Defendant is:

---

[2] The First Step Act was enacted in December 2018, after the most recent update to the U.S. Sentencing Guidelines. Thus, the Guidelines do not acknowledge the role of courts in identifying "extraordinary and compelling reasons" to grant compassionate release. Nonetheless, courts continue to use the Sentencing Commission policy statements in their assessment of a defendant's circumstances. *See United States v. Adeyemi*, No. CR 06-124, 2020 WL 3642478, at *7-*8 (E.D. Pa. July 6, 2020) (discussing the First Step Act of 2018 and its relationship to sentencing policy statements).

> **(I)** suffering from a serious physical or medical condition,
>
> **(II)** suffering from a serious functional or cognitive impairment, or
>
> **(III)** experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility *and from which he or she is not expected to recover*.

USSG 1B1.13 Note 1(A)(ii) (emphasis added).

According to Defendant's Medical Review, Defendant has a "Debilitated Medical Condition" due to his diagnosis of "acute Ischemic Right Middle Cerebral Artery stroke with left side paralysis … [c]omplicated with hemorrhagic stroke …." (Dkt. No. 383-2 at 1). His ability to independently perform most tasks was assessed as very limited. *Id.* at 13-14. However, it was determined based on the Medical Review that while Defendant has significant deficiencies at this time and will need long term physical and occupational therapy, he is slowly improving and can recover and perform by himself if there are no complications. He is not terminal and his condition is not deteriorating. *Id.* at 1-2. The Court also notes that he is receiving rehabilitative care from a therapist and 24-hour nursing care. *Id.* at 1. Thus, while sympathetic to Defendant's medical condition, the Court finds that his condition as a result of his recent stroke does not meet the threshold necessary to find an extraordinary and compelling reason to grant the Motion for Compassionate Release.

Finally, Defendant argues that the COVID-19 pandemic "added [an unacceptably high] risk to his life and health." (Dkt. No. 383 at 3). Defendant does not elaborate on the exact nature of the "unacceptably high risk" caused by the COVID-19 pandemic. The pandemic itself is not an "extraordinary and compelling reason" to support the Motion. *See Raia*, 954 F.3d at 597. While, the Centers for Disease Control ("CDC") has provided guidelines for those who are at a higher

risk due to their underlying medical condition, Defendant's condition is not on the list. *See* CDC, *People Who Are at Increased Risk for Severe Illness, People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (updated June 25, 2020). Nor is there any indication that he is less likely to contract COVID-19 if released in Texas. Thus, while the Court appreciates that the danger posed by the COVID-19 pandemic is real and ongoing, the Court does not find that the pandemic is an extraordinary and compelling reason to allow Defendant's compassionate release under the circumstances presented.

       For the foregoing reasons, Defendant's Motion for Compassionate Release will be denied.

       An appropriate Order accompanies this Memorandum Opinion.

Date: August 4, 2020                              _____/s/_____
                                                      WILMA A. LEWIS
                                                    Chief Judge