**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal Action No. 2000-0004** |
| ) | |
| **LESTROY BRIGHT,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**Attorneys:**
**Alphonso G. Andrews, Esq.**
St. Croix, U.S.V.I.
   *For the Government*

**Gabriel J. Villegas, Esq.**
St. Croix, U.S.V.I.
   *For Defendant Lestroy Bright*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER is presently before the Court on two letters submitted on behalf of Defendant Lestroy Bright ("Defendant" or "Bright") and docketed as "Motions for Compassionate Release." (Dkt. Nos. 398, 399). As described below, the Court will consider whether these letters warrant reconsideration of the Court's earlier ruling denying Defendant's Motion for Compassionate Release. For the reasons discussed below, the Court finds that they do not. The Court will therefore leave undisturbed its prior Order denying Defendant's request for compassionate release.

### I.   BACKGROUND

On December 22, 2000, Defendant was convicted by a jury of three counts of robbery affecting interstate commerce, in violation of the Hobbs Act; three counts of use of a firearm during

a crime of violence; and certain local offenses. The charges arose from a series of robberies committed by Defendant and his accomplices against businesses on St. Croix.

On December 19, 2001, Judge Raymond L. Finch sentenced Defendant to 675 months (56 years and three months) imprisonment for the Hobbs Act robbery and firearms convictions.[1] Defendant also was sentenced to three years supervised released. He began his federal sentence on March 20, 2002 and his projected release date is February 21, 2049. (Dkt. No. 383-2 at 10). He is currently imprisoned at Federal Correctional Complex Florence ("FCC Florence") in Florence, Colorado.

On May 20, 2020, Defendant filed his first "Motion for Compassionate Release" pursuant to 18 U.S.C. § 3582. (Dkt. No. 383 at 1). In that motion, he requested: (1) a reduction in his sentence to time served and probation and/or supervised release; (2) a transfer of supervision to the Southern District of Texas; and (3) a direction to BOP to transfer Defendant to his sister's residence for home healthcare services. *Id.* at 3. Defendant argued that such relief was warranted because he was suffering from a weakened medical condition due to "a series of ischemic and hemorrhagic strokes [that have] permanently disabled [him] as a result." *Id.* at 1. Additionally, Defendant cited the risk to his health due to the "the continuing COVID-19 pandemic, which has killed and sickened scores of inmates across the Bureau of Prisons." *Id.* at 3.

On August 4, 2020, the Court denied Defendant's Motion for Compassionate Release. (Dkt. Nos. 393; 394). In denying Defendant's motion, the Court found that, while Defendant had satisfied the procedural requirements to bring a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), he had not demonstrated "extraordinary and compelling" reasons to justify

---

[1] In 2002, the Third Circuit Court of Appeals affirmed Bright's convictions. *See United States v. Bright*, 54 F. App'x 765 (3d Cir. 2002).

compassionate release. (Dkt. No. 394 at 5, 7). The Court assessed whether Defendant's medical condition constituted an extraordinary and compelling reason as defined by the Sentencing Commission's policy statement, USSG § 1B1.13 Note 1(A)(ii). *Id.* at 6-7. In this regard, the Court found:

> According to Defendant's Medical Review, Defendant has a "Debilitated Medical Condition" due to his diagnosis of "acute Ischemic Right Middle Cerebral Artery stroke with left side paralysis . . .[c]omplicated with hemorrhagic stroke. . . ." His ability to independently perform most tasks was assessed as very limited. However, it was determined based on the Medical Review that while Defendant has significant deficiencies at this time and will need long term physical and occupational therapy, he is slowly improving and can recover and perform by himself if there are no complications. He is not terminal and his condition is not deteriorating. The Court also notes that he is receiving rehabilitative care from a therapist and 24-hour nursing care. Thus, while sympathetic to Defendant's medical condition, the Court finds that his condition as a result of his recent stroke does not meet the threshold necessary to find an extraordinary and compelling reason to grant the Motion for Compassionate Release.

*Id.* at 7 (citations omitted). Further, the Court found that even with Defendant's current medical issues, the risk posed by the ongoing COVID-19 pandemic did not constitute an extraordinary and compelling reason so as to warrant compassionate release. *Id.* at 7-8.

Bright and his fellow inmate, Calvin Lewis ("Lewis"), drafted letters to the Court dated August 4, 2020, which were docketed on August 19, 2020 as the instant Motions for Compassionate Release. (Dkt. Nos. 398; 399). In Bright's letter, he requests "a second chance at life." (Dkt. No. 398 at 1). Bright expressed regret for his past decisions, describes the time he has spent in prison as time he has missed with his family, and discusses his faith. *Id.* In Lewis' letter, he states that he shares a cell with Bright and assists Bright due to his physical limitations caused by his stroke. (Dkt. No. 399 at 1). Lewis argues that Bright "should be release[d] . . . because this BOP facility is not [equipped] to help Mr. Bright." *Id.* Instead, he believes that "Mr. Bright should be release[d] in the care of his sister who is medical[ly] certified and can care for Mr. Bright around

3

the clock." *Id.* Lewis also states that Bright was convicted of multiple violations of 18 U.S.C. § 924(c) and those sentences were stacked, which is now prohibited under the First Step Act. *Id.*

Given the overlapping requests for relief, the Court will view these letters as submissions supplementing Defendant's prior Motion for Compassionate Release, and consider whether the letters warrant reconsideration of the Court's August 4th Order.[2] The Court finds in the negative.

## II. DISCUSSION

A motion for reconsideration must be based on "'(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct clear error of law or fact or to prevent manifest injustice.'" *Butler v. Pa. Bd. of Probation & Parole*, 613 Fed. App'x. 119, 125 (3d Cir. 2015) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also* LRCi 7.3 ("A motion to reconsider shall be based on: 1. intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice."). The Court finds that Defendant has not submitted any information in the instant letters

---

[2] The Court notes that when a party is represented by counsel—as Bright is—the party should not also submit *pro se* filings. The Constitution does not confer a right to proceed simultaneously by counsel and *pro se*, and the Court is not obligated to consider *pro se* motions in light of Defendant's appointed counsel. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (finding no constitutional right to hybrid representation); *see also United States v. D'Amario*, 268 F. App'x 179, 180 (3d Cir. 2008) (finding district court was within its authority to issue limitations on defendant's *pro se* filings submitted while represented by counsel); *United States v. Titley*, Crim. No. 2017-23, 2017 WL 3219482, at *2 (D.V.I. July 28, 2017) (striking *pro se* motion from defendant who was represented by counsel). Additionally, with regard to the letter filed by Lewis on behalf of Bright, the Court notes that "[a] non-attorney cannot represent another party." *United States v. Miller*, 726 F. App'x 107, 108 (3d Cir. 2018) (finding it was improper for an inmate to file motions under his name on behalf of other inmates). Nonetheless, the Court will consider these letters filed by Bright and Lewis—and the requests for relief they contain—as submissions supplementing Defendant's prior Motion for Compassionate Release.

that would prompt the Court to alter its prior Order finding that extraordinary and compelling reasons do not exist to grant Defendant's request for compassionate release.

Previously, the Court analyzed whether Bright's medical condition constituted an extraordinary and compelling reason under the applicable Sentencing Commission policy statement—USSG § 1B1.13 Note 1(A)(ii). (Dkt. No. 394 at 6). Lewis now notes that Bright continues to have physical difficulties related to his stroke including difficulty feeding himself. (Dkt. No. 399 at 1). However, Defendant previously presented such evidence. (Dkt. Nos. 383 at 2-3; 383-2 at 13-14). In its August 4, 2020 Order, the Court assessed Bright's medical condition and recognized that he was indeed suffering from significant deficiencies. However, the Court found that the evidence presented showed that he was receiving rehabilitative and nursing care and was slowly improving, and that he can recover. (Dkt. No. 394 at 7). Thus, in accordance with USSG 1B1.13 Note 1(A)(ii), the Court did not find his condition as a result of his recent stroke to be an extraordinary and compelling reason to grant his release. *Id.* While Lewis states that Bright has been removed from a rehabilitation center (Dkt. No. 399 at 1), there is no basis for concluding that this fact should alter the Court's conclusion.[3]

Additionally, in his letter Bright expresses remorse for his past decisions, expresses his desire to spend time with his family, and discusses his faith. (Dkt. No. 398 at 1). The Court applauds Defendant's expression of remorse and efforts at rehabilitation. However, while remorse

---

[3] Regarding Lewis' reference to the alleged impropriety of Defendant's "stacked" sentences (Dkt. No. 399 at 1), the Court finds that a motion for compassionate release is an improper vehicle to adjudicate that issue. *See United States v. Augustin*, Crim. Action No. 2000-0004, 2020 U.S. Dist. LEXIS 220928, at *11-12 (D.V.I. Nov. 24, 2020) (declining to consider stacked sentences as an appropriate basis for a finding of extraordinary and compelling reasons for compassionate release); *United States v. Andrews*, ___ F. Supp. 3d ___, 2020 U.S. Dist. LEXIS 149514, at *14-21 (E.D. Pa. Aug. 19, 2020) (holding that a court may not consider stacked sentences in reviewing a compassionate release motion because such consideration would present an insurmountable separation of powers issue).

and efforts at rehabilitation are commendable, they alone to not constitute extraordinary and compelling reasons for compassionate release. *See* USSG 1B1.13 Note 3 ("Rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."); *United States v. Wax*, Crim. Action No. 14-251 (FLW), 2020 U.S. Dist. LEXIS 111380, at *7-12 (D.N.J. June 25, 2020) (noting defendant's "remorse and significant rehabilitation" but denying motion for compassionate release where the BOP was adequately managing the defendant's various health concerns).

The instant letters have not presented any evidence that Bright's prognosis or other circumstances have changed in a way that would affect the Court's prior analysis. *See, e.g.*, *United States v. Brown*, Crim. Action No. 13-176-05, 2020 U.S. Dist. LEXIS 90187, at *3 n.1, *10 (E.D. Pa. May 22, 2020) (granting motion for reconsideration/renewed motion for compassionate release when defendant presented new evidence of her worsening medical condition). While sympathetic to Defendant's medical condition, the Court finds no basis for reconsidering its prior ruling, thus leaving intact its earlier conclusion that Defendant has not shown that extraordinary and compelling reasons exist to warrant granting his request for compassionate release.

### III. CONCLUSION

For the foregoing reasons, Defendant's supplemental requests for compassionate release (Dkt. Nos. 398, 399) will be denied.

An appropriate Order accompanies this Memorandum Opinion.

Date: February 1, 2021
_____/s/_____
WILMA A. LEWIS
Chief Judge